## RED CROSS PROTECTIVE SOCIETY v. WAYTE.

(Circuit Court of Appeals, Third Circuit. July 1, 1909.)

No. 38.

1. INSURANCE (§ 695*)—GENERAL MANAGER—MUTUAL BENEFIT INSURANCE—AUTHORITY.

Where the constitution and general laws of a fraternal beneficial society provided that the supreme general manager should have charge of the agency force and should hire and appoint the agents and attend to the organization of different lodges, subject to approval of the board of trustees, such manager, without the approval of or knowledge of the board of directors, had no authority to employ an attorney to secure control of a New York corporation with power from that state to issue endowment policies to its members.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 695.*]

2. CORPORATIONS (§ 425*)—CONTRACT FOR SERVICES—RATIFICATION.

Where the general manager of a corporation had no authority to employ plaintiff to perform certain legal services for it, and its board of directors repudiated the employment on acquiring knowledge thereof and refused the results of the services, it was not estopped to deny the authority of its general manager to bind it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1697–1701; Dec. Dig. § 425.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 166 Fed. 372.

Joseph R. Dickinson and R. Stuart Smith, for plaintiff in error.

Frank Jacobs, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

BUFFINGTON, Circuit Judge. In the court below, Wayte, herein called plaintiff, recovered a verdict against the Red Cross Protective Society, herein called defendant, for alleged services rendered by him to the latter. A motion of defendant for judgment non obstante veredicto was denied, and judgment on the verdict entered for the plaintiff. Thereupon defendant sued out this writ. The latter is a fraternal beneficial society chartered under the Pennsylvania act of April 6, 1893 (P. L. 10). The plaintiff is a lawyer practicing in the state of New York. At the time the services in question were rendered by plaintiff, one Rothensies was supreme general manager of the defendant, his duties being defined by section 68 of its constitution and general laws as follows:

"The supreme general manager shall have charge of the agency force, shall hire and appoint all agents, and attend to the organization of the different lodges, subject to the approval of the board of trustees."

About January 25, 1897, Rothensies of his own motion and without authorization employed Wayte to secure control of a New York beneficial insurance corporation with power from that state to issue

five-year endowment policies to its own members. After considerable work and expense Wayte obtained an option on such a corporation and informed Rothensies, who assented to the arrangement. After this Rothensies reported what he had done to defendant's board of directors. This was the first knowledge thereof by such board, and it declined to acquire the New York company. Thereupon plaintiff brought suit against the defendant for his services and expenditures. The suit was defended on the ground that Rothensies had no authority to employ the plaintiff, and that, inasmuch as defendant had no power to acquire the New York company, it had no power to employ Wayte to so acquire.

Under the assignments of error several questions arise; but in our view of the case it is necessary to consider two questions only, viz.: First, was the employment of the plaintiff by Rothensies, the supreme general manager of the defendant, within the scope of his authority; and, secondly, if not, is the defendant estopped from denying Rothensies' authority?

As to the first question, it is clear beyond question that Rothensies, as supreme general manager, had no authority to employ the plaintiff to secure the New York charter. His general powers were defined and limited by the above-quoted section of the defendant's constitution, and it conferred no such authority. Mr. Wayte's employment was not known to the board, and as soon as it was called to its attention it declined to have anything to do with the matter and take over the New York company. Under those circumstances it is clear that Rothensies' act was not the act of the company, and it is not responsible for Mr. Wayte's unwarranted employment. The court below, however, on the theory that the defendant had enjoyed the fruit of such employment, held it had thereby ratified the unwarranted agency, and in support thereof quoted section 6025 of Thompson on Corporations, which says:

"Where a party has made a contract with a corporation, and has fully performed what he agreed to do on his part, and is suing the corporation for the compensation which it agreed to pay or to render as the consideration of the contract, then the corporation will be estopped from setting up the defense that it had no power to enter into the contract or that it was prohibited by statute from so doing."

But it will be observed we are here not dealing with the ultra vires of a contract which a company had knowledge of and had made, but with the ultra vires of a servant of the company, and with a contract of which the company had no knowledge, and which, as soon as it learned thereof, it declined to adopt or accept its fruits. It is this vital difference that makes the section quoted inapplicable to the present case. This will be seen by an examination of the Pennsylvania authorities quoted in support thereof, viz., Wright v. Pipe Line, 101 Pa. 204, 47 Am. Rep. 701, Oil Creek Co. v. Allegheny, 83 Pa. 160, and Wood v. Corry (C. C.) 44 Fed. 146, 12 L. R. A. 168, which were all cases where contracts were known to the company and were, indeed, actually made by it in its corporate capacity, and where it received and retained the fruits thereof. But in the present case the act of Rothensies, who made the contract, was be-

yond the scope of his authority, and the defendant had neither received the fruits nor done any act which estopped it from denying his authority to bind it thereby.

The judgment must therefore be reversed, and the case remanded, with directions to enter judgment in favor of defendant non obstante veredicto.